UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FREDERICK W. TRAMONTANA,

    Plaintiff,

v.                    CASE NO.    8:06-CV-301-T-17TGW

CITY OF TAMPA,

    Defendant.

_____/

## Second Amended Complaint

# Breach of Contract

Count

① City of Tampa allowed two unlicensed sub-contractors to complete work on my house and paid them

② It took a over a year to allow me to be able to test the concrete

③ The city hasn't allowed me to submit outstanding receipts

④ The city failure to fix my house per HUD-Mr. Miburn's letter date March 22, 1999 Federal Fair Housing Law 42 U.S.C. Section 3601-3619

⑤ City of Tampa took money out of Escrow account without my signatures to paid for Dansco Engineering 1998

⑥ City of Tampa closed Escrow account (Steve Labrake) and took $5,065.02 in Oct 2000

Whereas: During the time that I was waiting to be allowed to test concrete (over a year) I sprain my left ankle as well as fracture of the Tarsal Navicular well showering outside Exhibit B-23

Breach of Contract

Count

⑦ City of Tampa in Dec. 2003 said Now the 5,065.02 under New terms. Not in the Contract in 1996 Licensed General Contractor where the money to Fix what The Unlicensed Contracter Did.?

# Discrimination

Count

① City conduct my not allowing me to test concrete for over a year knowing I was showering outside and other thing I am not going to say now

Whereas: If the court looks at what has taken place over 10 years the city Tampa conduct would constitutes handicap discrimination under the Title VIII, Civil Rights Act of 1988 as amended by the Fair Housing Act and under Section 504 of the 1973 Rehabilitation Act and A.D.A.

② City of Tampa would not allow me to appear via phone because of my disability before the Code Enforcement Board in 2002 + 2004 (A.D.A.). The city said it wasn't possible

Whereas: property owners who are not disable are not being cited or charged for the → same or similar violations (code) I have complainted on twenty house if not more, there six house on my street I am not going to liste (now)

# Discrimination

Count

③ WHEREAS: (STEVE LABRAKE) CITY OF TAMPA UP to this Day

SECTION 504 regulation act 24 CFR 8.56(K) Prohibits action against persons who file complaints

"No recipient or other person shall intimidate, threaten, coerce or discriminate against any person for the purpose of interfering with any right or privilege secured by this part, or because HE OR SHE made a complaint, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this part"

"Section 818 of the Fair Housing Act makes it unlawful for a respondent or anyone else to coerce, intimidate, threaten or interfere with me in my exercise or enjoyment of any right granted or protected under the Federal Fair Housing Law

WHEREAS: In December 1999 a code enforcement man called my house an threaten me: Steve Labrake said it was H. Scott

5-26-06 *Frederick W Tramontana*

Frederick W Tramontana
10906 N. ELISON AVE
Tampa, FL 33612-5107
phone 813-932-7797

WHEREAS: City of Tampa Letter Dated Nov. 17, 2003 (Take Notice #2) (#3 city Response, - UNRelated But Steve Labrake wanted me to Execute a Release on that property tie to Mr Melburn, March 22, 1999 That, why, My House wasn't Fixed (I said, it was Related) But I would Execute a Release For 10906 N, Elison Ave per Mr Melburn

CC By U.S. Mail
City of Tampa

## MUNICIPAL CODE ENFORCEMENT BOARD MEMBERS

| Member | Occupation | Term Expiration Date |
| --- | --- | --- |
| Joseph R. Pando | Architect | 04/01/2005 |
| Sean V. Donnelly | Attorney | 04/01/2006 |
| Stanley G. Gray | Human Resources Consultant | 04/01/2005 |
| Edward B. Carlstedt | Businessman | 04/01/2006 |
| Frank Kane | Real Estate | 10/01/2005 |
| Tyson Richmond | Real Estate Investor | 08/01/2005 |
| Mark Rubio | Real Estate | 04/01/2004 |
| A. J. Brent | Financial Planner (Alternate Member) | 10/01/2006 |

**Hearing Officers**

| | | |
| --- | --- | --- |
| Paul S. Erni | Businessman | 10/01/2006 |
| Dr. Jeffrey Harmon | Real Estate | 10/01/2006 |
| Joseph Citro | Businessman | 10/01/2006 |
| Board Attorney | Barbara Twine-Thomas | |

Please note: All members may receive mail directed to them at:
City Clerk's Office
315 E. Kennedy Blvd.
Tampa FL 33602.

*[Handwritten annotations: "2-18-04", a shark drawing labeled "SHARKS", "#1411 INFO", "3-26-04 426pm", "813 229-9300", "3-26-04 221-4454", "429pn 432pm LNN"]*

# FLORIDA ORTHOPAEDIC INSTITUTE

Exhibit B-23

FROM:   FLORIDA ORTHOPAEDIC INSTITUTE
PHYS:   Thomas G. DiPasquale, D.O.
RE:     FREDERICK TRAMONTNA
DATE:   AUGUST 25, 1997
ACCT:   619198

This is a 37-year-old male previously disabled from a back injury in 1983. Had a new injury to his left foot on 08/22/97 when he stepped into a hole twisting his ankle. He tried to treat it with ice only, this was unsuccessful. He went to St. Joseph=s Hospital Emergency Room on 08/22/97. X-rays were obtained and he was placed into a splint. X-rays from St. Joseph=s Hospital were reviewed demonstrating a nondisplaced fracture of his navicular of the left foot and there was no other abnormal osseous abnormalities. No other fractures, dislocations or soft tissue calcifications.

Clinically on physical examination the patient hurts over the navicular as would be expected and correlates with the radiographs. He also has exquisite tenderness over the anterior and lateral talo fib ligaments and the calcaneal fib ligaments of the left ankle. The patient has diagnosis of ankle sprain as well as fracture of the tarsal navicular. He was placed into a short leg fiberglass cast which will be maintained for six weeks. Weightbearing is limited to crutches and toe touch weight as tolerated. He was given a prescription for Darvocet-N 100, #50 no refills. He is told to return follow up visit in 4-6 weeks and conversion to a removal shoe at that time. Neurovascular status is grossly intact pre and post casting.

Thomas G. DiPasquale, D.O.
TGD/EMT/ddc
D:   08/26/97
T:   08/29/97
Job # 7448

4175 E. Fowler Ave. • Tampa, FL 33617 • 2727 W.M.L. King Blvd., Suite 630 • Tampa, FL 33607 • 908 S. Parsons Ave., Suite B • Brandon, FL 33511
Appointments: 813-978-9797 • General Information: 813-978-9700 • FAX: 813-971-8056

005



# CITY OF TAMPA

Pam Iorio, Mayor                                                   Chief of Staff

VIA U.S. CERTIFIED MAIL
RETURN RECEIPT REQUESTED

November 17, 2003

Mr. Frederick Tramontana
10906 N. Edison Avenue
Tampa, FL 33612

Dear Mr. Tramontana:

This letter is a follow up to your correspondence dated August 15, 2003 outlining your position and identification of issues and concerns that you request the City of Tampa to resolve in regards to repairs to your home at 10906 N. Edison and property in Tampa Heights.

The City has given careful deliberation to your request and the facts surrounding your circumstance. You are hereby offered the following response to your specific issues and concerns.

1. You request that all repairs to your home at 10906 N. Edison need to be completed by the City.

   City of Tampa Response: On January 16, 1996 you were awarded a Housing Grant (through Community Development Block Grant 'CDBG' funds) in the amount of $15,000. In 1998, subsequent to awarding that grant, you and the City reached an impasse on the issue of CDBG eligible expenses and work was suspended. $5,065 of those funds remain available for your use on eligible expenses. The City herein reminds you of the availability of these funds for use toward completion of works at your home. You are not required to execute a Release and Hold Harmless waiver to complete repairs.

   The costs for improvements above and beyond those comprising eligible repairs under the $15,000 CDBG award of 1996 are your responsibility.

   TAKE NOTICE, the current state of your home is not in compliance with City of Tampa, Code of Ordinances, failure to resolve this matter may result in Code Enforcement violations.

2. The house needs to be stabilized from settlement by pressure grouting or equal method per engineer's recommendations.

   City of Tampa Response: The City defers any decisions on possible settlement damage to your homeowner's insurance carrier. The City recommends that you contact your homeowner's insurance carrier to resolve any potential issues regarding settlement of your home and any necessary corrective action. These issues are beyond the realm of the Housing and Community Development Division.

306 E. Jackson St., 8N • Tampa, Florida 33602 • (813) 274-7360 • FAX: (813) 274-8127

**TampaGov**
www.tampagov.net

It has come to our attention that you have received at least one, if not more, very generous offer from your insurance carrier to resolve insurance related disputes. I encourage you to fully consider such offers and contemplate using a portion of those proceeds in furtherance of completing repairs to your home.

3. Mediation of value of my property taken for road improvements at the corner of 7th Avenue and Nebraska.

<u>City of Tampa Response:</u> The above property in question is an unrelated issue beyond the scope of resolving any rehabilitation concerns with your home and will not be considered in the City's efforts to provide rehabilitation assistance to your home.

Should you decide to proceed with repairs under the Grant award, please contact Kim Norquist at 274-7926.

Sincerely,

*Darrell Smith*

Darrell Smith,
Chief of Staff


Cc: Pam Iorio, Mayor
Bob Harrell, Director, Business and Housing Development
Rolando J. Santiago, Assistant City Attorney
Kim Norquist, Housing and Community Development
Curtis Lane, Director, Code Enforcement