UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FREDERICK W. TRAMONTANA,**
*Pro se*,

                Plaintiff,

v.                                                                       Case No.: 8:06-CV-301-T17TGW

**CITY OF TAMPA,** a Florida Municipal
Corporation,

                Defendant.

_____/

## **DEFENDANT, CITY OF TAMPA'S, DISPOSITIVE MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Defendant, CITY OF TAMPA, ("City"), by and through its undersigned attorney, files this Dispositive Motion for Summary Judgment and Incorporated Memorandum of Law, in response to this Court's Order of March 13, 2009. In support thereof, Defendant states as follows:

**I.    INTRODUCTION**

On or about May 26, 2006, Plaintiff, FREDERICK W. TRAMONTANA, ("Plaintiff"), filed a Second Amended Complaint in the above-styled case. Plaintiff's Second Amended Complaint contains allegations of Breach of Contract (Count I) and "Handicap Discrimination under Title VIII, Civil Rights Act of 1988 as amended by the Fair Housing Act and under Section 504 of the 1973 Rehabilitation Act and the [Americans with Disabilities Act]" (Count II). On or about July 31, 2006, the City filed its Answer to the Plaintiff's Second Amended Complaint, in which the City denied paragraphs 1-6 of Count I of Plaintiff's Second Amended Complaint; admitted the first sentence of paragraph 7, but denied the remainder of the allegations of paragraph 7 of

Count I of Plaintiff's Second Amended Complaint; denied paragraphs 1-3 of Count II of Plaintiff's Second Amended Complaint; and requested that this Court grant judgment in its favor, award costs, and for such other and further relief as the Court deemed just and proper.

In this Court's Order of March 13, 2009, the Court directed the City to file a dispositive motion and memorandum of law setting forth the basis of Defendant's request for entry of judgment in favor of the City on the above-referenced Counts of Plaintiff's Second Amended Complaint. The Court stated that it "needs to ascertain whether Plaintiff's allegations under Count II, handicap discrimination, meet the *prima facie* requirements for the claim, and whether there are material factual disputes concerning the claim which require resolution by trial." (Dkt. 28). In support thereof, Defendant has filed this Motion for Summary Judgment and Incorporated Memorandum of Law.

## II.   STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure. The moving party bears the burden of establishing that no genuine issues of material fact remain. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Edwards v. Acadia Realty Trust, Inc.*, 141 F. Supp.2d 1340, 1344-45 (M.D. Fla. 2001).

In ruling on a motion for summary judgment, the court construes the facts and all reasonable inferences therefrom in the light most favorable to the non moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). However, summary judgment is

mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. In ruling on a motion for summary judgment, "the function of the court is not to 'weigh the evidence and determine the truth of the matter but to determine whether there is an issue for trial.'" *Edwards*, 141 F. Supp.2d at 1345.

When faced with a "properly supported motion for summary judgment, [the non-moving party] must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997). "The evidence presented cannot consist of conclusory allegations or legal conclusions." *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1997).

III. **STATEMENT OF FACTS**

The following material facts are not in dispute:

As set forth in the Final Investigative Report of James N. Sutton, Regional Director of Region IV, Office of Fair Housing and Equal Opportunity, attached as Exhibit A-4 to Plaintiff's Amended Complaint, Plaintiff applied in 1996 for funds to rehabilitate his home through a Community Development Block Grant ("CDBG") administered by the City. (Exh. A-4, Pl.'s Amended Complaint). Plaintiff received a grant in the amount of $15,000.00 from the City, and proceeded to act as general contractor on the rehabilitation project. *See id*. Plaintiff hired subcontractors to perform the cement and block work, including the pouring of a slab for a garage with a second story. *See id*. Plaintiff later determined that the subcontractors used a type of concrete that was insufficient to support a second story, and he discontinued work on the project. *See id*. The City determined

that the rehabilitation work was not being performed in accordance with residential building codes. *See id*. City has notified Plaintiff on numerous occasions that the remaining $5,065.00 of Plaintiff's CDBG funds would be reserved for Plaintiff to correct the code violations. *See id.*

The City's Department of Code Enforcement cited Plaintiff for violations of the building codes. *See id*. Plaintiff was required to appear before the Code Enforcement Board on March 10, 2004. *See id*. Plaintiff failed to appear on that date, and subsequently, the Code Enforcement Board hearing master heard the evidence of the Code Enforcement Inspector and found against Plaintiff. *See id*. The hearing master issued a letter on March 12, 2004 notifying Plaintiff of the decision and instituting fines of $125.00 per day. *See id.* All nineteen (19) residents who were noticed to appear on March 10, 2004, but failed to appear, were found guilty of the violations for which they were cited. *See id*. Additionally, between January 2004 and March 2004, one thousand seventy seven (1,077) residents received citations and notices to appear for hearing before the same hearing master; two hundred sixty-one (261) of them failed to appear. *See id*. Of those residents who failed to appear, two hundred fifty-nine (259) were found guilty of their violations, and the other two (2) residents corrected the conditions for which they were cited prior to the hearing date. *See id.* Mr. Sutton concluded that no reasonable cause existed to find that the City's conduct constituted a violation of the Fair Housing Act, as amended, or Section 504 of the Rehabilitation Act of 1973. *See id.*

IV. **MEMORANDUM OF LAW**

Plaintiff's Second Amended Complaint fails to establish the essential elements of a claim of discrimination under either the 1988 Amendments to the Fair Housing Act, 42

U.S.C. §3601, *et seq.*; the 1973 Rehabilitation Act, 29 U.S.C. §794(a), et seq.; or the Americans with Disabilities Act, 42 U.S.C. §12101(b)(1), et seq. In alleging a claim for discrimination under the Fair Housing Act, Plaintiff must assert a theory of recovery: disparate impact, disparate treatment or reasonable accommodation. *See generally Schwartz v. City of Treasure Island*, 544 F.3d 1201 (11th Cir. 2008). He also fails to meet the *prima facie* elements of a case for disability discrimination under the Rehabilitation Act and the Americans with Disabilities Act.

### a.     Fair Housing Act

#### i. Reasonable Accommodation

In order to establish a *prima facie* case of discrimination for failure to make reasonable accommodation under the amendments to the Fair Housing Act, Plaintiff must prove that Defendant "[(1) refused] to make [(2)] reasonable accommodations in rules, policies, practices, or services, [(3)] when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." *See Schwartz v. City of Treasure Island*, 544 F.3d 1201, 1220 (11th Cir. 2008).

Plaintiff alleged in paragraph 2 of Count II of his Second Amended Complaint that the City would not allow him to appear by phone at the Code Enforcement Board because of his disability. *See* Pl.'s Second Amended Complaint, paragraph 2. From this allegation, it appears that Plaintiff is alleging that the City refused to make a reasonable accommodation for his disability, which would require Plaintiff to plead facts setting forth a basis for each element of the *prima facie* case of discrimination under the Fair Housing Act. While Plaintiff alleges that he suffers from a disability and that the City refused to make an accommodation of appearing by telephone for the Code Enforcement

5

Board hearing, Plaintiff fails to state any facts addressing the third element of the claim, why that accommodation would be necessary. Plaintiff does not allege that he was unable to drive, unable to walk, or otherwise unable to appear before the Code Enforcement hearing master.

### ii. Disparate Impact

In order to set forth a claim of discrimination by means of disparate impact under the Fair Housing Act, Plaintiff must allege that a certain facially-neutral policy of the government has a disparate impact on a particular group. *See Schwartz*, 544 F.3d at 1217. A disparate impact claim usually requires the Plaintiff to show, through statistics, that the policy creates a differential effect on a certain group. *See id.* (citing *Tsombanidis v. West Haven Fire Department*, 352 F.3d 565, 577 (2d Cir. 2003).

In the Plaintiff's Second Amended Complaint, he alleges that "property owners who are not disabled are not being cited or charged for the same or similar [code] violations." *See* Plaintiff's Second Amended Complaint, paragraph 2. Plaintiff's allegation makes no specific allegations regarding the number of disabled versus non-disabled individuals who received citations for code violations during a particular time period. Without any allegations of statistical outcomes that show a disparate impact on disabled individuals, Plaintiff's allegations fail to meet the minimum requirements for a *prima facie* case of discrimination by disparate impact under the Fair Housing Act.

### iii. Disparate Treatment

In order to set forth a claim of discrimination by means of disparate treatment under the Fair Housing Act, Plaintiff must allege that he is a member of a protected group that has been subjected to discriminatory treatment. Specifically, Plaintiff must show that

he has been treated differently in regard to a governmental policy than similarly situated non-disabled individuals. *See Schwartz*, 544 F. 3d at 1216.

Plaintiff does not directly allege discrimination by means of disparate treatment in his Second Amended Complaint. The report of Mr. Sutton of the Office of Fair Housing and Equal Opportunity, incorporated by reference to Plaintiff's Second Amended Complaint, however, contained information regarding the number of individuals who failed to appear for proceedings before the Code Enforcement hearing master. Mr. Sutton concluded that all nineteen (19) residents who were noticed to appear on March 10, 2004, but failed to appear, were found guilty of the violations for which they were cited. *See* Exh. *A-4*, Plaintiff's Amended Complaint. Additionally, between January 2004 and March 2004, one thousand seventy seven (1,077) residents received citations and notices to appear for hearing before the same hearing master; two hundred sixty-one (261) of them failed to appear. *See id*. Of those residents who failed to appear, two hundred fifty-nine (259) were found guilty of their violations, and the other two (2) residents corrected the conditions for which they were cited prior to the hearing date. Plaintiff's own allegations, therefore, show that Plaintiff was not subject to disparate treatment by the City's Code enforcement proceedings.

### b. Rehabilitation Act and Americans with Disabilities Act

In order to establish a claim for discrimination under the Rehabilitation Act[1] of 1973 or the Americans with Disabilities Act ("ADA"), Plaintiff must show that [1] he has a disability, [2] he is a qualified individual, and [3] he was discriminated against because

---

[1] Section 504 states that "No otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. §794(a).

7

of the disability. *See Klein v. State of Florida, Dep. of Children and Families Services*, 34 F. Supp.2d 1367, 1371 (S.D. Fla. 1998). Remedies, procedures and rights are the same under Title II of the ADA as under §504 of the Rehabilitation Act. *See Pottgen v. Missouri State High School Activities Ass'n*, 40 F. 3d 926, 930 (8th Cir. 1994). Under the first element of the *prima facie* case, Plaintiff must allege facts that show he has a "disability" as defined by the Rehabilitation Act or the ADA. *See Klein*, 34 F. Supp. at 1371. Therefore, he must demonstrate that he has "a physical or mental impairment that substantially limits one or more of the major life activities of such individual; a record of such impairment, or is regarded as having such an impairment." *See id*. Those major life activities would include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *See id.* (citing 29 C.F.R. §1630.2(j)(1)).

Plaintiff has not alleged facts sufficient to show that he is disabled to the extent that he is substantially limited from performing a major life activity. He makes reference to being "disabled," and he attached records from Florida Orthopedic Institute to his Second Amended Complaint; however, Plaintiff does not allege how he meets the standard set forth in the case law for proving a disability. Furthermore, he does not allege how the City of Tampa discriminated against him in administering a federal program under the Rehabilitation Act.

## V.  CONCLUSION

Plaintiff has failed to make a showing sufficient to meet the essential requirements of his case under Count II of the Second Amended Complaint. In regard to his claim of discrimination under the Fair Housing Act, he failed to explain how the accommodation

that he requested was necessary to afford him equal opportunity to use and enjoy a dwelling.  He failed to allege statistical facts sufficient to support a claim of disparate impact.  Finally, he failed to allege how he was treated differently from non-disabled individuals under a disparate treatment analysis.

On his claim under the Rehabilitation Act and the ADA, Plaintiff failed to show that he was sufficiently limited from performing a major life activity as defined in the Code of Federal Regulations.  He attached copies of medical reports to his Second Amended Complaint, but failed to show how he was disabled.  Lastly, he did not explain how the City allegedly discriminated against him because of the disability from which he claims to suffer.  As Plaintiff's allegations fail to support the essential requirements of the causes of action that he alleged, Defendant seeks judgment in its favor.

WHEREFORE, Defendant, CITY OF TAMPA, requests that this Honorable Court enter judgment in its favor as to Count II of the Plaintiff's Second Amended Complaint, finding that Defendant did not discriminate against Plaintiff in violation of either Title VI as amended by the Fair Housing Act or Section 504 of the 1973 Rehabilitation Act and the Americans with Disabilities Act, and for such other and further relief as this Court deems just and proper in the premises.

>                             CHARLES R. FLETCHER
>                             CITY ATTORNEY, CITY OF TAMPA
>
> By: *s/ L. Robin McKinney*
>     **L. ROBIN McKINNEY**
>     Assistant City Attorney
>     Florida Bar No.: 0772011
>     Attorney for Defendant, City of Tampa
>     5th Floor, City Hall
>     315 E. Kennedy Boulevard
>     Tampa, Florida 33602
>     Phone:  (813) 274-5767
>     Fax:    (813) 274-8777
>     E-mail: Robin.McKinney@tampagov.net

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing, was furnished by electronic mail through the CM/ECF system of the United States District Court, Middle District of Florida, and by regular U.S. Mail, postage prepaid, to Mr. Frederick Tramontana at 10906 North Edison Avenue, Tampa, Florida 33612 on this 27th day of March, 2009.

> By: *s/ L. Robin McKinney*
>     **L. ROBIN McKINNEY**
>     Assistant City Attorney